NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS NAVARRETE-JURADO, | No. 15-73108 |
| Petitioner, | |
| | Agency No. A208-080-828 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Jesus Navarrete-Jurado, a native and citizen of El Salvador, petitions pro se

for review of an immigration judge's ("IJ") determination under 8 C.F.R. §

1208.31(a) that he did not have a reasonable fear of persecution or torture and thus

is not entitled to relief from his administrative removal order.  Our jurisdiction is

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we review de novo whether the statutory right to counsel was violated, *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074, 1079 (9th Cir. 2007).  We deny the petition for review.

We reject the government's contention that the court does not have jurisdiction over this petition for review.  *See Martinez v. Sessions*, 863 F.3d 1155, 1159-60 (9th Cir. 2017).

Substantial evidence supports the IJ's conclusion that Navarrete-Jurado failed to establish a reasonable possibility of future persecution in El Salvador on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the IJ's conclusion that Navarrete-Jurado failed to demonstrate a reasonable possibility of torture by the Mexican government, or with its consent or acquiescence.  *See Andrade-Garcia*, 828 F.3d at 836-37.

15-73108

We reject Navarrete-Jurado's contention that the agency denied his right to counsel. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) (explaining requirements for waiver of right to counsel). Navarrete-Jurado's contentions that there were other errors by the agency are not supported by the record.

**PETITION FOR REVIEW DENIED.**

15-73108